# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-60328
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2025

Lyle W. Cayce
Clerk

Gurpreet Singh Singh,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A241 397 501

———————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Gurpreet Singh Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60328

As an initial matter, Singh Singh does not challenge the BIA's determination that he abandoned his CAT claim by failing to raise that issue in his appeal to the BIA. He has therefore abandoned the issue before this court. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). He has likewise abandoned any challenge to the BIA's denial of his withholding of removal claim. *See* Fed. R. App. P. 28(a)(8)(A) (providing that the argument section of a brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Soadjede*, 324 F.3d at 833 (5th Cir. 2003).

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id.* at 517. We will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Singh Singh argues that the harm he suffered in India fell within the definition of persecution. The maltreatment that Singh Singh faced on three occasions by members of rival political parties, with approximately three to four months in between each incident, does not "necessarily reflect the kind of pattern of sustained pursuit that persecution requires." *Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020). Further, contrary to his contentions, the BIA's conclusion that the harm Singh Singh suffered in India did not show past persecution is consistent with this court's jurisprudence. *See, e.g.*, *Abdel-Masieh v. INS*, 73 F.3d 579, 583-84 (5th Cir. 1996); *Rojas v. INS*, 937 F.2d 186, 188 (5th Cir. 1991); *see also Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020) (holding that "threats that are exaggerated, non-specific, or lacking in immediacy" are insufficient to show past persecution).

No. 24-60328

Accordingly, substantial evidence supports the BIA's conclusion that the harm Singh Singh suffered in India did not rise to the level of persecution. *See Chen*, 470 F.3d at 1134.

Singh Singh asserts that he established a well-founded fear of future persecution. His fear of persecution is objectively unreasonable because he has not proven that he cannot relocate. *See Munoz-Granados*, 958 F.3d at 407. He does not offer any new evidence or argument before this court that relocation would not be reasonable. He also contends that the IJ and the BIA did not provide sufficient explanations regarding the relocation determination. However, an agency merely must consider the issues raised and "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted," as is the case here. *Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004) (internal quotation marks and citation omitted). Accordingly, substantial evidence supports the BIA's determination that Singh Singh failed to demonstrate that he had a well-founded fear of future persecution. *See Chen*, 470 F.3d at 1134. Because Singh Singh's failure to make the requisite showing regarding reasonable relocation within India is dispositive of his asylum claim based on his fear of future persecution, *see* 8 C.F.R. § 208.13(b)(2)(ii); *Munoz-Granados*, 958 F.3d at 407, this court need not address his other arguments regarding future persecution, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *see also SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Because Singh Singh has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the persecution issue, *see id.*, he cannot establish eligibility for asylum. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). There is no need to address the parties' remaining arguments. *See Bagamasbad*, 429 U.S. at 25.

No. 24-60328

The petition for review is DENIED.